IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 3:09cr166 |
| Plaintiff, | ) |
| | ) **PLEA AGREEMENT** |
| v. | ) |
| | ) |
| SUI MING YAU AND CCGWA, | ) |
| LLC, d/b/a CAJUN CAFÉ | ) |
| AND GRILL, | ) |
| | ) |
| Defendants. | ) |

Pursuant to Rule 11(c)(1)(A)(B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Lynn C. Jordheim, Acting United States Attorney for the District of North Dakota, and Nicholas W. Chase, Assistant United States Attorney, defendants SUI MING YAO (Sui Ming Yao, as evidenced by his signatures hereto, appears in both individual and representative capacities) and CCGWA, LLC, d/b/a CAJUN CAFÉ AND GRILL (CCGWA, LLC and Sui Ming Yao are collectively referred to herein as "defendants"), and defendants' attorney, Linda M. Babich, agree to the following:

    1.    Defendants acknowledge the Information charges a violation of Title 8, United States Code, Section 1324.

    2.    Defendants have read the charges, and defendants' attorney has fully explained the charges to defendants.

    3.    Defendants fully understand the nature and elements of the charged crimes.

4.  Defendants will voluntarily plead guilty to the Information and agree to the forfeiture allegation.

5.  The parties agree this Plea Agreement shall be filed as part of the Court record, and be governed by Federal Rule of Criminal Procedure 11(c). The parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the non-binding recommendations specified in this Plea Agreement, then defendant acknowledges that this agreement will have been fulfilled. Except as provided in Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give defendant a right to withdraw defendants' guilty plea.

6.  Defendants will plead guilty because defendants are in fact guilty of the charge. In pleading guilty to the Information, defendants acknowledges that:

> Between on or about May of 2004, and on or about May 2007, in the District of North Dakota and elsewhere, SUI MING YAO and CCGWA, LLC d/b/a CAJUN CAFÉ AND GRILL, did knowingly and in reckless disregard of the fact that aliens, namely, Lorena Sanchez, Guillermo Carbjal-Ruiz, and Geronimo Lopez Reyes, had come to, entered, and remained in the United States in violation of law, harbor said aliens by providing employment and places to reside;
>
> In violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii)
>
> and

2

Upon conviction of the charge in the Information, SUI MING YAO and CCGWA, LLC d/b/a CAJUN CAFÉ AND GRILL, shall forfeit to the United States, pursuant to Title 8, United States Code, Section 1324(b), a money judgment in the amount of $40,000, representing the amount of proceeds obtained as a result of the offense for which the defendants are jointly and severally liable.

7. Defendants understand that the charge in the Information carries the following maximum penalties:

### Illegal Harboring of An Alien

| | |
|---|---|
| Imprisonment: | 10 years |
| Fine: | $250,000 |
| Supervised Release: | 3 years |
| Special Assessment: | $100 (individual) $400 (corporation) |

Defendant SUI MING YAO agrees to pay the Clerk of United States District Court the $100 special assessment on or before the day of sentencing; Defendant CCGWA, LLC, d/b/a CAJUN CAFÉ AND GRILL, agrees to pay the Clerk of United States District Court the $400 special assessment on or before the day of sentencing.

8. Defendants understand that by pleading guilty defendants surrender rights, including:

    (a) The right to a speedy public jury trial and related rights as follows:

        (i) A jury would be composed of 12 lay persons selected at random. Defendants and defendants' attorney would help choose the jurors by removing prospective jurors "for cause," where actual bias or other

disqualification is shown; or by removing jurors without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict. The jury would be instructed that defendants are presumed innocent and that it could not return a guilty verdict unless it found defendants guilty beyond a reasonable doubt.

   (ii) If a trial were held without a jury, then the Judge would find the facts and determine whether defendants were guilty beyond a reasonable doubt.

   (iii) At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against defendants. Defendants' attorney can confront and cross-examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for defendants refuse to appear voluntarily, defendants can require their attendance through the subpoena power of the Court.

   (iv) At trial, defendants have a privilege against self-incrimination; thus, defendants could decline to testify. No inference of guilt can be drawn from defendant's refusal to testify. Defendants can choose to testify, but cannot be required to testify

 (b) Defendant SUI MING YAO has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask defendant questions

about defendants' criminal conduct to ensure that there is a factual basis for defendants' plea.

9. Defendants understand that by pleading guilty defendants give up all of the rights set forth in the prior paragraph, and there will be no trial. Defendants' attorney has explained these rights, and consequences of defendants' waiver.

10. The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States Sentencing Commission, <u>Guidelines Manual</u>, (Nov. 2005) (USSG). Defendants understand that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of defendant's conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing. The United States expressly reserves the right to appeal from an unreasonable sentence.

11. Defendants agree to fully cooperate with the United States, its agencies, and other law enforcement agencies in any investigation related to or resulting from these charges. Defendants' cooperation includes truthful testimony, if called, before any Federal grand jury, the United States District Court, or in any other proceeding.

12. This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the

District of North Dakota, nor does it bind any state or local prosecutor. They remain free to prosecute defendants for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

13. Defendants understand the United States Attorney reserves the right to notify any local, state, or federal agency by whom defendants are licensed, or with whom defendants do business with, of defendants' convictions.

14. The parties agree that the base offense level under the Sentencing Guidelines for defendants' conduct is 12. (USSG § 2L11.1(a)(3))

15. At sentencing, United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided defendants have demonstrated a genuine acceptance of responsibility. (USSG 3E1.1(a))

16. Neither the Court nor the Probation Office are parties to the Plea Agreement. Neither the Court nor the Probation Office are bound by the Plea Agreement as to determining the guidelines range. The Court may impose a reasonable sentence anywhere within the statutory range. The Court may depart from the applicable guidelines range if the Court, on the record, states factors not contemplated by the Sentencing Guidelines Commission to justify the departure. Both parties reserve the right to object to any departure. See USSG § 1B1.1, comment. (n.1) (defines "departure"). There may be other adjustments the parties have not agreed upon.

17. At sentencing, the United States will recommend a sentence of probation with the condition of home confinement for Defendant SUI MING YAO. Defendant SUI MING YAO and CCGWA, LLC, d/b/a CAJUN CAFÉ AND GRILL, intends to argue for probation without any form of confinement or detention. On the issue of forfeiture, the parties agree that Defendants will pay $1,500 per month to satisfy the $40,000 forfeiture judgment.

18. Defendants acknowledge and understands that if defendants violate any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void, at the discretion of the United States, and defendant will face the following consequences: (1) all testimony and other information defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal grand jury, may be used against defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendants in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting defendant for perjury, false statement, or false declaration if defendants commit such acts in connection with this agreement or otherwise.

19. The United States agrees that USSG § 1B1.8 is applicable to defendants. Any information provided by defendants, other than that charged in the Information, in connection with defendants' assistance to the United States, including debriefing and testimony, will not be used to increase defendants' Sentencing Guideline level or used against defendants for further prosecution, if in the opinion of the United States Attorney defendants have met all of defendants' obligations under the Plea Agreement and provided full, complete, and truthful information and testimony. However, nothing revealed by defendants during defendants' debriefings and testimony would preclude defendants' prosecution for any serious violent crimes.

20. Defendants and defendants' attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to induce defendants to plead guilty.

21. Defendants are aware of their right to appeal provided under Title 18, United States Code, Section 3742(a). Defendants hereby waive this and any right to appeal the Court's entry of judgment against defendants, reserving only the right to appeal from an upward departure from the applicable Guideline range. See USSG § 1B1.1, comment. (n.1) (defines "departure"). Defendants further waive all rights to contest defendants' conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255. Defendants specifically acknowledge that the Eighth Circuit Court of Appeals has upheld the enforceability of a

provision of this type in <u>United States v. His Law</u>, 85 F.3d 379 (8th Cir. 1996). Therefore, defendants understand that any appeal or other post-conviction relief defendants might seek should be summarily dismissed by the Court in which it is filed.

22.     The Assistant United States Attorney and attorney for defendants agree to abide by the provisions of Rule 32.1CR of the Local Rules for the United States District Court for the District of North Dakota. Pursuant to Rule 32.1CR(B)(3), the attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

23.     Defendants acknowledge reading and understanding all provisions of the Plea Agreement. Defendants and defendants' attorney have discussed the case and reviewed the Plea Agreement. They have discussed defendants' constitutional and other rights, including, but not limited to, defendants' plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

                                            LYNN C. JORDHEIM
                                            Acting United States Attorney

Dated: 12/14/09   By: _____
                                            NICHOLAS W. CHASE
                                            Assistant United States Attorney

Dated: 12/14/09        _____
                                            SUI MING YAO, Individually

Dated: 12/14/09        _____
                                            SUI MING YAO on behalf of
                                            CCGWA, LLC d/b/a
                                            CAJUN CAFÉ AND GRILL,

Dated: 12/14/09        _____
                                            LINDA M. BABICH
                                            Attorney for Defendants